WILCOX *v.* BOARD OF COMMISSIONERS OF SINKING FUND
OF CITY OF DETROIT.

1. TAXATION—LIMITATION—CONSTITUTIONAL LAW—CONSTRUCTION OF
CONSTITUTIONAL AMENDMENT—EXISTING DEBT.

Constitutional amendment limiting total amount of taxes assess-
able against property in any one year to one and one-half
per cent., except in certain cases, purposes to avoid impairment
of contracts and to preserve all existing legislative power to
levy taxes on property to pay existing debts, so that, except
for requirement of separate assessment, it does not repeal or
modify any statutes governing method of liquidation of obliga-
tions theretofore incurred, nor restrict legislature in future
enactment of laws for their orderly payment (Const. art. 10,
§ 21).

2. SAME—REFINANCING EXISTING DEBT.

Constitutional amendment does not prohibit refunding or
refinancing any claim which was legal obligation of public
body when amendment limiting tax rate became effective, since
it is within exception therein provided for (Const. art. 10,
§ 21).

3. SAME—REFUNDING BONDS—EXISTING DEBT.

Direct refunding bonds issued in lieu of and exchanged for prior
bonds in same principal amount are continuance of obliga-
tion and therefore within exception in constitutional amend-
ment (Const. art. 10, § 21).

4. SAME—NEW BONDS TO PAY EXISTING BONDS.

Also, within said exception, are new bonds sold to pay existing
bonds, to principal amount so paid, where proceeds are actually
used for that purpose (Const. art. 10, § 21).

5. SAME—RENEWAL NOTES—EXISTING DEBT.

Renewal of notes or evidence of indebtedness theretofore issued
upon faith of delinquent taxes, if, and so far as, by law, they
are general obligations of public body, also come within said
exception (Const. art. 10, § 21).

6. SAME—IN REFINANCING EXISTING DEBT PRINCIPAL MAY NOT BE INCREASED—MUNICIPAL CORPORATIONS.

Power of legislature, including present laws, to permit levy of taxes on property to pay prior obligations extends to amount of principal sum outstanding when amendment took effect, but such principal sum may not be increased by sale of new bonds or exchange of refunding bonds at less than par, so that, if exigency of refinancing requires issue of obligations at discount, difference must be absorbed by municipality under its other powers (Const. art. 10, § 21).

7. SAME—DIFFERENT INTEREST RATE MAY BE PROVIDED.

Said exception in constitutional amendment also covers interest on outstanding obligations, but does not confine interest to existing rate, so that new evidences of indebtedness to continue existing obligations may, if necessary, provide different interest rate (Const. art. 10, § 21).

8. SAME—POWER OF MUNICIPAL CORPORATIONS VOTING INCREASE OF TAX RATE—CHARTERS.

Where municipality or district increases basic rate of one and one-half per cent. by charter or vote under proviso in constitutional amendment, exception therein will not apply, and such municipality or district could not levy taxes on property to pay prior obligations in addition to charter or voted rate, unless charter or voted increase so provides (Const. art. 10, § 21).

9. ACTION—DECLARATORY JUDGMENT—CONSTITUTIONAL LAW—PARTIES—TAXATION.

In proceeding for declaratory judgment upon construction of constitutional amendment limiting tax rate, purely local questions which are dependent upon special circumstances, in which people of respective municipalities are interested but not parties, are not considered by Supreme Court, but are left to direct proceeding in which interested persons may be heard (Const. art. 10, § 21).

10. TAXATION—LIMITATION—CONSTITUTIONAL LAW—"ELECTORS"—ELECTIONS—MUNICIPAL CORPORATIONS.

Word "electors" as used in constitutional amendment providing that tax limitation therein provided for may be increased by two-thirds vote of "electors," *held,* to mean those voting on question rather than those qualified to vote thereon (Const. art. 10, § 21).

Appeal from Wayne; Keidan (Harry B.), J. Submitted March 1, 1933. (Calendar No. 37,237.) Decided April 21, 1933. Rehearing denied June 29, 1933.

Petition by Clarence E. Wilcox, as taxpayer and corporation counsel of the City of Detroit, and others against Board of Commissioners of Sinking Fund of the City of Detroit, a municipal corporation, and others for a declaration of rights construing amendment to Constitution (art. 10, § 21). City of Muskegon and others intervened as plaintiffs. Frederick A. Wayne and others intervened as defendants. From judgment rendered, defendants and intervening defendants appeal. Declaratory judgment rendered.

*Clarence E. Wilcox, John H. Witherspoon,* and *Raymond J. Kelly,* for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for intervener Public Schools of City of Muskegon.

FEAD, J. This is a petition for declaratory judgment upon construction of the constitutional amendment, article 10, § 21. Some of the questions were decided in *School District of the City of Pontiac* v. *City of Pontiac, ante,* 338. This case is concerned with the exception as to prior obligations and increase of the limitation by vote of the electors.

"SEC. 21. The total amount of taxes assessed against property for all purposes in any one year shall not exceed one and one-half per cent. of the assessed valuation of said property, except taxes levied for the payment of interest and principal on obligations heretofore incurred, which sums shall be separately assessed in all cases: *Provided,* that this limitation may be increased for a period of not

to exceed five years at any one time, to not more than a total of five per cent. of the assessed valuation, by a two-thirds vote of the electors of any assessing district, or when provided for by the charter of a municipal corporation: *Provided further,* that this limitation shall not apply to taxes levied in the year 1932.''

The amendment unmistakably demonstrates a purpose to avoid impairment of contracts and to preserve all existing legislative power to levy taxes on property to pay existing debts. This continues in force, until changed by law, present authority in public bodies to spread taxes for such purpose.

Except for the requirement of separate assessment, the amendment does not repeal or modify any statutes governing the method of liquidation of ''obligations heretofore incurred'' nor restrict the legislature in the future enactment of laws for their orderly payment. Refunding or refinancing is not prohibited, expressly or by implication. Consequently, the important question in all instances is whether a claim was a legal obligation of the public body when the amendment became effective. If it was, it is within the exception and may be paid by tax on property in such manner as may be permitted by law.

Direct refunding bonds issued in lieu of and exchanged for prior bonds in the same principal amount are a continuance of the obligation and within the exception.

Of the same effect are new bonds sold to pay existing bonds, the proceeds of which are actually used for that purpose, to the principal amount so paid.

Also within the exception are the renewal of notes or evidences of indebtedness before issued upon the

faith of delinquent taxes, if and so far as, by law, they were also general obligations of the public body.

The power of the legislature, including present laws, to permit the levy of taxes on property to pay prior obligations, extends to the amount of the principal sum outstanding when the amendment took effect. Such principal sum cannot be increased by the sale of new bonds or exchange of refunding bonds at less than par. If the exigency of refinancing requires the issue of obligations at a discount, the difference must be absorbed by the municipality under its other powers, if any.

The exception also covers interest on outstanding obligations, but it does not confine such interest to the existing rate. If, then, issue of new evidences of indebtedness to continue existing obligations requires a different rate of interest, the amendment does not prohibit the levy of such rate on property.

It will be noted that the exception in the amendment permitting separate levy for payment of prior obligations applies only when the basic rate of one and one-half per cent. is exclusively operative. Where a municipality or district has increased or shall increase the basic rate of one and one-half per cent. by charter or vote under the proviso, the exception will not apply, and such municipality or district could not levy taxes on property to pay prior obligations in addition to the charter or voted rate, unless the charter or voted increase so provides.

Several other questions have been presented, which, however, are dependent upon special circumstances, and are purely local. For example, it appears that bonds had been voted before the amendment took effect but their sale and delivery had not been completed. The instances range from the mere voting of bonds to a binding contract of sale await-

ing only the printing of bonds for consummation. The Public Schools of the City of Muskegon, intervener, claims to be a chartered municipal corporation within the meaning of the amendment and entitled to the same powers declared in such corporations in the *Pontiac Case* because it was organized under a special statute. The people of the respective municipalities are interested in these questions. They are not parties to this proceeding. The questions are not within the purview of the case before us and must be left to a direct proceeding in which interested persons have an opportunity to be heard.

In the clause, "this limitation may be increased * * * by a two-thirds vote of the electors of any assessing district," does "electors" mean all the electors of the district, the registered electors, or the electors voting on the proposition to increase the rate?

In all other instances in which questions are submitted to the people under the Constitution the result is determined by the qualified electors voting on the proposition. For example, the adoption of a law by initiative or referendum (article 5, § 1); adoption of local or special acts (article 5, § 30); organization of new counties (article 8, § 2); franchises to public utilities (article 8, § 25); adoption of county road system (article 8, § 26); organization of metropolitan districts (article 8, § 31); adoption of amendments to the Constitution (article 17, § 1); calling constitutional convention and adoption of Constitution (article 17, § 4). Uniformity of construction would impel a like rule on this amendment.

Ordinarily, the fact that different language is here used than elsewhere in the Constitution would prompt a different construction, because it would indicate a different intention. But this amendment is so generally confusing and careless of language

that difference in words has no force of indication that a different rule was intended.

The provision is purely a local-option law, and it is contrary to our system of government to count electors on a question who are not sufficiently interested to vote.

There are practical difficulties to another construction. There is no public record of all the electors of any taxing district, nor means of ascertaining them except by census, which would be costly, subject to interested manipulation, and certainly inaccurate. Registration of electors could not have been intended as test of the vote, because in some assessing districts, as school districts, there is no registration of electors. We hold that "electors" means those voting on the question.

To avoid misunderstanding, it is noted that we do not pass upon the effect of the amendment to article 3, § 4, contemporaneously adopted, in determining "electors" in the amendment at bar, because the question has not been presented.

Declaratory judgment may be entered in accordance with this opinion.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. Plaintiffs move for a rehearing on the ground that Act No. 273, Pub. Acts 1925, as amended by Act No. 28, Pub. Acts 1929 (1 Comp. Laws 1929, § 2694), renders part of the opinion filed in this cause erroneous. The statute was not called to the attention of the court, involved in the issue, nor passed upon. Consideration of its effect upon the property taxing power of a city must be left to a proper case.

Rehearing denied.