CITY OF CROSWELL *v.* HELM.

1. MUNICIPAL CORPORATIONS—CONTRACTS—AUTHORITY—RESOLUTIONS
—ORDINANCES.
    Contract with fourth class city for furnishing equipment to pro-
    duce electricity *held,* not effectuated by resolution and ordi-
    nance adopted by majority of all aldermen elected to office
    where authority exercised thereunder was subject to the ap-
    proval of the council (1 Comp. Laws 1929, §§ 1908, 1922).

2. SAME—MAJORITY OF ALDERMEN ELECTED—QUORUM.
    Requirement of statute that majority of aldermen elected be re-
    quired to approve ordinances and resolutions for fourth class
    cities excludes efficacy of vote by a majority of a bare quorum
    (1 Comp. Laws 1929, § 1922).

3. SAME—MAJORITY—MAYOR'S VOTE IN CASE OF TIE.
    Vote of mayor and two of four aldermen present *held,* ineffective
    to approve resolution approving contract for furnishing equip-
    ment to produce electricity where council consisted of six mem-
    bers and statute required a majority of aldermen elected to
    approve resolutions and ordinances, a mayor's vote to break a
    tie being effectual only when all aldermen are present (1 Comp.
    Laws 1929, §§ 1903, 1908, 1922).

Appeal from Sanilac; Boomhower (Xenophon
A.), J. Submitted April 19, 1938. (Docket No. 49,
Calendar No. 39,960.) Decided June 6, 1938. Re-
hearing denied October 3, 1938.

Petition for declaration of rights by City of Cros-
well, a municipal corporation, against Paul Helm
and others to·determine the legality of certain pro-
ceedings relative to the furnishing of certain equip-
ment and machinery to the plaintiff for the construc-

tion of a power plant. Fairbanks, Morse & Company, an Illinois corporation, intervened. From decree rendered, intervener appeals and plaintiff cross-appeals. Affirmed.

*George Flott* (*Sherman T. Handy* and *Plummer Snyder,* of counsel), for plaintiff.

*Alfred H. Sauer,* for defendants.

*Miller, Bevan, Horwitz & Des Roches* (*Bela J. Lincoln* and *Poppenhusen, Johnston, Thompson & Raymond,* of counsel), for intervener.

BUSHNELL, J. Croswell, Michigan, a city of the fourth class, at one time owned and operated a power plant, from which it distributed electricity for its own use and for that of its inhabitants. In 1923 the city discontinued the operation of the plant, disposed of its equipment, and thereafter purchased power at wholesale from outside sources.

In 1935 certain officials of the city were interested in a resumption by the city of the production of its own electrical power. On October 7, 1935, at a regular meeting of the city council, presided over by the mayor, and at which all of the six elected aldermen of the city were present save one, the five aldermen unanimously adopted an ordinance which authorized the advertising for bids for the furnishing of machinery and equipment to the city. This ordinance provided that the entire cost of the equipment should be paid out of the revenues to be derived from the operation of the plant.

On October 24, 1935, the city council, by resolution and ordinance adopted by a vote of four of its members, two being absent, denominated Fairbanks,

Morse & Company, (intervener and appellant herein) the lowest responsible bidder, and authorized and directed the mayor and the city clerk to enter into a contract with the successful bidder upon its giving a performance bond. The resolution and ordinance provided that the authority given was "subject to the approval of said contract and said bond" by the council.

A written agreement, dated October 24, 1935, was entered into by the company and the mayor and clerk. At a special meeting of the council, held on November 18th, the agreement was presented for approval and a report made that the bidder had filed the required performance bond. There were present at this meeting only four of the six elected aldermen. The question of approval of the agreement was submitted to a vote of the aldermen in the form of a resolution. Two of them voted for approval of the resolution and two against such approval. The minutes of the council meeting recite that, "The vote being a tie Mayor DuMond voted yes."

On December 2d the city filed a petition in the circuit court for a declaration of rights in which it named three residents and taxpayers of the city as defendants. The petition set forth the history of the transaction and plaintiff asked the court, by its decree, to determine that the "contract" with Fairbanks, Morse & Company was "legal and valid and in accord with the provisions of law." The court appointed an attorney to represent the taxpayer defendants and an answer was filed by them. Fairbanks, Morse & Company were granted leave to intervene and, subsequently, the city was permitted to file an amended petition. In the amended petition the city reversed its position and asked the court to determine that the "contract" was illegal and void

and that the proceedings were not in accord with the provisions of law.

A decree was entered making an injunction theretofore issued permanent.

A number of interesting questions are raised by appellant and cross-appellant but our answer to the following disposes of the appeal:

Did the city of Croswell, by virtue of the proceedings of its council as herein stated, enter into a binding contract with Fairbanks, Morse & Company? The trial court held:

"That the resolutions adopted at the meeting of the council of said municipality held November 18, A. D. 1935, were not passed and adopted by the requisite number of votes of the members of said council as required by law."

Section 1908, 1 Comp. Laws 1929 (Stat. Ann. § 5.1703), reads in part:

"No money shall be appropriated except by ordinance or resolution of the council; nor shall any resolution be passed or adopted except by the vote of a majority of all the aldermen elected to office, except as herein otherwise provided."

Section 1922, 1 Comp. Laws 1929 (Stat. Ann. § 5.1717), provides in part:

"All ordinances shall require, for their passage, the concurrence of a majority of all the aldermen elect, exclusive of the mayor or other officer or person legally exercising the duties of the office of mayor."

Section 1903, 1 Comp. Laws 1929 (Stat. Ann. § 5.1698), provides:

"The mayor shall be president of the council, and preside at the meetings thereof, but shall have no

vote therein, except in case of a tie, when he shall have the casting vote."

The resolution and ordinance of October 24th were adopted by a majority of all the aldermen elected to office and, therefore, were in compliance with the statutory requirements. 1 Comp. Laws 1929, §§ 1908 and 1922. But neither this resolution nor this ordinance accepted the offer of interveners, nor did they effectuate a contract with the latter because, as previously stated, the exercise of authority granted to the mayor and clerk was subject to the approval of the council.

Decision in this case turns, therefore, upon the efficacy of the vote upon the resolution of November 18th, which resolution by its terms approved the agreement of the mayor and clerk of Croswell with intervener, Fairbanks, Morse & Company.

There was not a concurring affirmative vote on this resolution of "a majority of all the aldermen elected to office." 1 Comp. Laws 1929, § 1908. A majority of six cannot be less than four; and unless, therefore, there is some provision in the statute for effective action by less than such a majority, the resolution was not legally adopted.

Appellant argues that section 1903 is an exception to the requirement of a majority vote within the phrase "herein otherwise provided" (section 1908); that is, that, construed together, sections 1903 and 1908 permit the adoption of a resolution by the "casting vote" of the mayor where a tie vote results at a meeting attended by a bare majority of the six "aldermen elected to office."

We cannot accept this construction. If five of the six aldermen had been present and three had voted for approval of the resolution and two against, the mayor would have had no vote and the resolution

would have failed because of a lack of the necessary majority. The legislature could not have intended that the affirmative vote of the mayor, with four aldermen tied in their vote, should be of more efficacy than the affirmative vote of a third alderman with five present and voting. Section 1903 is applicable only where all of the aldermen are present and divide equally in their vote; only in this respect may it be said to be an exception to the requirement of a majority vote of the "aldermen elected to office."

*Bishop* v. *Lambert,* 114 Mich. 110, is relied upon by appellant to support its position but, in so far as that case is pertinent authority, it sustains the view we have taken. In the *Bishop Case* all six elected aldermen were present and their vote was equally divided upon a resolution. The court held that the mayor in such an event could cast the deciding vote, but the court observed, in discussing the case of *Fournier* v. *Mayor and Common Council of West Bay City,* 94 Mich. 463:

"Counsel disagree about the effect of this decision, but we need not pass upon the meaning of the language used in that case, as the provisions of this law differ from that passed upon, in that an exception is made to the requirement of an affirmative vote by a majority of the aldermen elect to carry a resolution. *The provision requiring a vote of a majority of the aldermen elect excludes the efficacy of a vote by a majority of a quorum, while the exception obviates the possibility of a tie.*" (Italics ours.)

The last sentence quoted is a clear explanation of the situation in the instant appeal and we adopt it as controlling.

The recorded action of the city council at its meeting of November 18th did not conform to the pro-

visions of the law and was not an approval of the agreement entered into by Fairbanks, Morse & Company and the mayor and clerk of the city of Croswell. The city was not bound by the unapproved agreement and the decree of the circuit court is, therefore, affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.