CHAPEL v. SCHOOL DISTRICT NO. 8, FRACTIONAL,
PARMA TOWNSHIP, JACKSON COUNTY.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—SPECIAL ELEC-
TIONS.
    The number of special elections for the purpose of annexing
    primary school districts to second or third class school dis-
    tricts and the time between such elections is not restricted
    by statute (CL 1948, §§ 352.3, 352.4 and § 353.23, as amended
    by PA 1951, No 174).

2. CONSTITUTIONAL LAW—SUPREME COURT—STATUTES—LIMITATIONS.
    It is not the province of the Supreme Court to legislate limita-
    tions into existing statutes.

3. APPEAL AND ERROR—EQUITY—MOTION TO DISMISS—PLEADING.
    Material allegations in a bill of complaint must be taken as true
    on appeal from dismissal of bill on motion.

4. SCHOOLS AND SCHOOL DISTRICTS—PRIMARY DISTRICTS—REGISTRA-
TION OF ELECTORS.
    A primary school district does not have a registration of school
    electors such as is provided for other school districts (CL
    1948, § 357A.1, as added by PA 1951, No 199).

5. SAME—ELECTIONS—ANNEXATION—MAJORITY VOTE.
    "Majority vote," as that term is used in statute pertaining
    to election for approval of annexation of a primary school
    district to an adjoining second or third class school district,
    is construed as requiring approval of electors voting on the
    proposition, not a majority of the qualified electors in the
    district, especially where there is no public record of those
    entitled to vote (CL 1948, § 353.23, as amended by PA 1951,
    No 174).

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Schools § 18.
[3] 19 Am Jur, Equity § 361.
[5] 18 Am Jur, Elections §§ 242, 243.

6. Costs—Public Question—Annexation of Primary School District.

No costs are allowed in suit to determine validity of election relative to annexation of primary school district to a second or third class school district, a public question being involved (CL 1948, § 353.23, as amended by PA 1951, No 174).

Appeal from Jackson; Simpson (John), J. Submitted June 3, 1952. (Docket No. 11, Calendar No. 45,440.) Decided June 27, 1952.

Bill by Monica I. Chapel and others against Charles J. Allen, moderator, and others, officers of School District No. 8, Fractional, Parma Township, Jackson County, Michigan, to restrain the defendant from turning property of school district over to Parma Union School District. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Robert Crary* and *Robert Crary, Jr.* (*Rosenburg, Painter & Davidson,* of counsel), for plaintiffs.

*McKone, Badgley, Kendall & Domke,* for defendants.

BOYLES, J. On January 21, 1952, a majority of the voters who voted at a school election held in District No 8, Fractional, in Parma township, Jackson county, a primary school district, voted affirmatively to annex said district to the Parma Union School District. When the district board proposed to turn over all the property of said District No 8 to the Union School District in accordance with the statute, the plaintiffs herein, who are qualified school electors of said district, filed the instant bill of complaint to enjoin such action. The circuit judge on motion dismissed the bill of complaint and the plaintiffs appeal. Two grounds are alleged for reversal.

1. At a previous election held earlier in the same month the voters at that election, called for the same purpose, had voted against such annexation. Appellants claim that the school board had no right to call the second election and that for that reason the second election is null and void. No authority in point is cited to support the claim. The statute governing the annexation of the primary school district to the larger Union School District (CL 1948, § 353.23), as amended by PA 1951, No 174,* to be decided at either an annual or a special election called for that purpose, does not limit the time between elections or the number of special elections which may be called by the school board for that purpose. Nor is there any such limitation in the provisions of the school code prescribing the powers, duties and requirements of school districts in general.† It is not the province of the Court to legislate such limitations into the school code.

2. According to the bill of complaint, the material allegations of which must be taken as true, there were 111 qualified electors in District No 8, Fractional, Parma township, at the time of the second election. The vote was 49 for and 47 against annexation. Appellants claim that the election did not carry affirmatively for annexation because it resulted only in the approval of a majority of the electors voting thereon, whereas (appellants claim) the school code requires a majority of all the qualified school electors in the district. This would require 56 affirmative votes.

District No 8, being a primary school district, does not have, nor can it have, a registration of school electors such as the school code provides for other

---

* Stat Ann 1951 Cum Supp § 15.427(2).

† CL 1948, §§ 352.3, 352.4 (Stat Ann § 15.374, Stat Ann 1951 Cum Supp § 15.375).

school districts.*    There is no method prescribed
by the statute for determining how many qualified
school electors there were in said district when the
election was held.  The essential part of the statute†
governing this election provides:

"Any primary,  *  *  *  school district shall be
annexed to an adjoining second or third class school
whenever the board of education of such second or
third class school district shall, by resolution, so
determine and a majority of the qualified school
electors of the primary,  *  *  *  district have ap-
proved such annexation at an annual or special meet-
ing called for that purpose.  *  *  *  Within 10 days
after the electors of said primary  *  *  *  district
have voted affirmatively on the purposed annexation
the director or secretary of such district shall certify
the results of said election to the secretary of the
board of education of the second or third class dis-
trict.    Such annexation shall become effective 30
days following the adoption of such resolution *by
a majority vote at the annexation election of the
district to be annexed.*  Upon the effective date of
such annexation all real and personal property be-
longing to the district so annexed shall become the
property of the second or third class school district.
Within 15 days after the effective date of such an-
nexation, the members of the district board or board
of education of the annexed district shall account to
the board of education of the second or third class
school district for the funds and property in their
hands as such officers, and shall turn over the same to
the second or third class school district."  (The itali-
cized language was added by PA 1951, No 174.)

The trial court held that the statute required only
the affirmative vote of a majority of the qualified
voters voting at such election.  We agree that the

---

* CL 1948, § 357A.1, as added by PA 1951, No 199 (Stat Ann 1951
Cum Supp § 15.477[11]).

† CL 1948, § 353.23, as amended by PA 1951, No 174 (Stat Ann
1951 Cum Supp § 15.427[2]).—REPORTER.

statute does not require a majority vote of all the qualified electors of the district. The Court has passed upon the question under comparable circumstances:

"It is further insisted that the vote by which it was determined by the electors of the county of Bay to adopt the county road system was never legally adopted, for the reason that a majority of all the electors in the county did not vote affirmatively upon the proposition. It does appear that a majority of all those who availed themselves of the opportunity to vote, voted affirmatively; and the question presented is whether, under the language of the Constitution above quoted, a majority of the votes cast at the election is sufficient. * * * In the present case there is no machinery provided, and the result could never be definitely ascertained, if the construction contended for by complainants is to prevail, until an investigation *aliunde* the record. * * * In McCrary, Elections (4th ed), § 208, it is laid down that:

" 'Where a statute requires a question to be decided or an officer to be chosen by the votes of "a majority of the voters of a county," this does not require that a majority of all persons in the county entitled to vote shall actually vote affirmatively, but only that the result shall be decided by the majority of the votes cast.' " *Shearer* v. *Board of Supervisors of Bay County,* 128 Mich 552.

A somewhat similar question was before the Court in *Wilcox* v. *Board of Commissioners of Sinking Fund of City of Detroit,* 262 Mich 699, in considering a constitutional amendment limiting the amount of taxes assessable in any 1 year in connection with local municipal financing. The Court said:

"The provision is purely a local-option law, and it is contrary to our system of government to count electors on a question who are not sufficiently interested to vote.

"There are practical difficulties to another con-struction. There is no public record of all the elec-tors of any taxing district, nor means of ascertaining them except by census, which would be costly, sub-ject to interested manipulation, and certainly inac-curate. Registration of electors could not have been intended as test of the vote, because in some as-sessing districts, as school districts, there is no reg-istration of electors. We hold that 'electors' means those voting on the question."

The general rule is stated in 18 Am Jur, Elections, p 340, § 243, as follows:

"In the absence of a statutory provision to the contrary, voters not attending the election or not voting on the matter submitted are presumed to assent to the expressed will of those attending and voting and are not to be taken into consideration in determining the result.    *   *   *    It is generally held that the term 'qualified voter' in a provision as to the proportion of voters necessary for the adop-tion of a measure refers, not to those qualified and entitled to vote, but to those qualified and actually voting."

The order dismissing the bill of complaint is af-firmed and the order entered by this Court restrain-ing the defendants from transferring the property of District No 8 to the Parma Union School District until further order of this Court is set aside. No costs, the question involved being of a public nature.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

NORTH, C. J., did not sit.