McCARTHY v. VILLAGE OF MARCELLUS

1. MUNICIPAL CORPORATIONS—VILLAGES—TAXING ORDINANCES—RE-
   QUIRED VOTES—"TRUSTEES ELECT"—VILLAGE PRESIDENT.
     A village ordinance requiring the village to impose a tax to
       pay for bonds it issues requires a concurring vote of two-
       thirds of all the trustees elect; the village president is not,
       in such a case, one of the village's "trustees elect" (MCLA
       § 65.5).

2. MUNICIPAL CORPORATIONS—VILLAGES—TAXING ORDINANCES—RE-
   QUIRED VOTES—"TRUSTEES ELECT"—VILLAGE PRESIDENT.
     A village ordinance adopting an amendment to a contract for
       the construction and financing of a sewer system, which
       required the imposition of taxes and assessments on village
       residents to pay for sewer bond was invalid where three of

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur 2d, Municipal Corporations § 168 et seq.
  What constitutes requisite majority of members of municipal
    council voting on issue, 43 ALR2d 698.
[3] 56 Am Jur 2d, Municipal Corporations § 193 et seq.
[4] 56 Am Jur 2d, Municipal Corporations § 411.

the six trustees elect voted yes, three voted no, and the village president voted yes, because ordinances imposing a tax must be passed by two-thirds of the trustees elect and the village president is not a trustee elect (MCLA § 65.5).

3. MUNICIPAL CORPORATIONS—TAXATION—ENABLING LEGISLATION—CONSTRUCTION.

  A state's grant to a municipal corporation the power to tax is strictly construed.

4. MUNICIPAL CORPORATIONS—ORDINANCES—AMENDMENT—INFERIOR COUNCILS.

  An ordinance or resolution cannot be amended, repealed, or suspended by another act of a council of less dignity than the one which passed the ordinance or resolution originally.

Appeal from Cass, James E. Hoff, J. Submitted Division 3 March 2, 1971, at Grand Rapids. (Docket No. 9522.) Decided April 23, 1971.

Complaint by Frances M. McCarthy against the Village of Marcellus, Cass County Board of Supervisors, and the Cass County Department of Public Works for a declaratory judgment holding a contract for financing sewer construction invalid. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*O'Connor & Feldman,* for plaintiff.

*Jones, Webb & Jones,* for the Village of Marcellus.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J. The facts in this case show that the Village of Marcellus, at a meeting of its village council held August 26, 1969, approved by resolution a contract for the construction, planning, and financ-

ing of a sewage disposal system for the Village of Marcellus.

The Marcellus Village Council approved this contract by a unanimous vote.

On September 9, 1969, the County of Cass passed a resolution by the Board of Supervisors of Cass County, Michigan, to approve the establishment of a sanitary sewage system in the Village of Marcellus to be known as Cass County Sanitary Sewage Disposal System No 1 (Village of Marcellus). Further, the contract, exhibit "A", for the construction, financing, operation, and maintenance of the system, negotiated by and between the Village of Marcellus and the Cass County Board of Public Works, acting for the county, was approved by a unanimous vote of the supervisors. At the same meeting, a resolution was passed providing for the issuance of bonds as set out in the contract.

The contract, exhibit "A", was signed by officials for the board of public works and the Village of Marcellus.

On January 13, 1970, the board of supervisors amended the bond resolution to offer the bonds at a maximum interest rate of eight per cent *per annum*. On April 7, 1970, a resolution to amend the contract of September 9, 1969, was presented to the Marcellus Village Council. The amendments were to sections 7, 9, and 10 of the first contract and are set forth in the seven-page contract of April 14, 1970 (exhibit "B"), which also provided that, "[t]his contract shall become effective upon approval by the Council of the Village."

The resolution to amend was put before the council consisting of six trustees elect. All members of the council were present, together with the village president. The vote on the resolution to adopt the

amended contract resulted in three trustees voting "yea" and three trustees voting "nay". The village president proceeded to vote to break the tie, voted "yea", and declared the resolution passed.

On April 14, 1970, the Cass County Board of Supervisors approved the amended contract, exhibit "B", previously passed upon by the Marcellus Village Council.

On April 15, 1970, Frances M. McCarthy, plaintiff, and taxpayer in the Village of Marcellus, filed a civil action in the Circuit Court for the County of Cass against the Village of Marcellus, Cass County Board of Supervisors, and Cass County Board of Public Works. The complaint set out the basic facts of the contracts as hereinbefore referred to as exhibit "A" and "B". Further, the complaint stated that the amended contract was not passed by a two-thirds vote of the Marcellus village council as required by statute.[1] The complaint alleged that any action under the amended contract would be invalid and contrary to the laws of the State of Michigan and to the detriment of the plaintiff. Plaintiff prayed that the amended contract be declared invalid and null and void.

The defendants, by their attorneys, answered plaintiff's complaint. Defendant Village of Marcellus filed on the same date a "Motion For Summary Judgment Or, In The Alternative, For Accelerated Judgment". The motion supported by an affidavit declared: plaintiff failed to state a claim, no genuine issue as to any material fact, and plaintiff lacks legal capacity to sue.

On May 4, 1970, plaintiff filed "Objections To Motion" declaring: the village by operating under the amended contract would subject plaintiff to taxes

---

[1] MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268).

and assessments levied for payment since plaintiff is a resident and taxpayer of the village. Further, the material issue is that the Village of Marcellus seeks to operate under an invalid contract, and the contract affects plaintiff's property and financially.

Defendant, Village of Marcellus, argued that: the amended contract provided for a reduction in cost, that reduction does not require a two-thirds vote within MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268), and that if the requirement of two-thirds remains, the case of *City of Croswell* v. *Helm* (1938), 284 Mich 404, created an exception when all trustees elect are present and voting.

Plaintiff, Frances M. McCarthy, argued that: the amended contract was a taxing act, that under MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268) it required a two-thirds vote, four "yeas" out of seven voting is not two-thirds, and that *Croswell* is not an exception under these facts.

The Court stated in its opinion:

"Gentlemen, let me say at the outset here that insofar as the issue that has been raised as to whether or not the plaintiff, Frances McCarthy, has standing in this court to question the validity of this contract, I rule that she does. She has standing in this court.

\* \* \*

"The issue is whether or not the contract that was presumedly approved by the village counsel [*sic*] is a valid contract because admittedly everybody admits that when the question came up, three voted 'aye' and three voted 'nay', and then the village president stepped in and cast a vote that was counted as 'aye', and it made four votes in favor and three against. That is the issue that we have here.

"I also for the purpose of this decision and ruling on the motion that has been presented here, I hold

that on the basis of the exhibits, the contracts, the pleadings, that this particular contract that was up for decision and to be voted upon required a two-thirds vote of the trustees elect. It comes within the meaning of § 65.5.

\* \* \*

"Now, as I read *Croswell* v. *Helm,* the Supreme Court has said that the Legislature in its wisdom enacted a provision there, and it says: 'He shall have no vote upon any question except in case of tie'. To provide for a deadlock and to provide an exception which says you must have two-thirds majority of the trustees elect, the Supreme Court has considered that carefully, and says we have to read § 64.1 in conjunction with § 65.5, and reading the thing as a whole it makes sense to us. This is what the Supreme Court has said that where we have a six-member body, we have a method of getting away from a stalemate."

The court properly held that the particular resolution required a two-thirds vote of the trustees elect and comes within the meaning of MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268). However, the trial court further found that when reading MCLA § 64.1 (Stat Ann 1961 Rev § 5.1243) and *City of Croswell* v. *Helm, supra,* together, that this constituted an exception to the statute.

The court entered a summary judgment against plaintiff and in favor of defendant, Village of Marcellus, and all defendants pursuant to GCR 1963, 117.2(3).

Plaintiff appeals and raises three issues which we restate as one issue as follows:

Was the resolution in question effectively adopted by the council of the Village of Marcellus consisting of six trustees when their votes were three "ayes", three "nays", and one "aye" by the president of the

village, where the resolution had to do with the building of a sewer system in the village and the imposing of a tax to pay for the long-term bonds to be issued thereunder?

The learned trial judge in determining the motion for summary judgment or accelerated judgment relied on the case of *City of Croswell* v. *Helm, supra.* In that case, the city, desiring to resume the operation of an electrical power plant, authorized by proper ordinance the advertising for bids for the furnishing of machinery and equipment to the city. *This ordinance provided that the entire cost of the equipment should be paid out of the revenues to be derived from the operation of the plant.* When the lowest bidder was determined, an ordinance was adopted directing the mayor and city clerk to enter into a contract with the bidder upon its giving a performance bond, "subject to the approval of said contract and said bond" by the council. When the action upon the contract and bond was presented for approval, four of the six aldermen were present. Two voted for approval and two voted against approval. The mayor then voted "aye" and declared the agreement approved. The trial court ruled that the action of the city council was ineffective and the Supreme Court affirmed ruling that CL 1929, § 1908 (Stat Ann § 5.1703),[2] required the vote of a *majority* of all the aldermen elected to office "except as herein otherwise provided". Inasmuch as there were six elected aldermen, the vote of two aldermen for the proposal and two against could not be passed by a tie-breaking vote by the mayor in favor of the proposal. The Court said on p 408:

"There was not a concurring affirmative vote on this resolution of 'a majority of all the aldermen

---

[2] MCLA § 88.7 (Stat Ann 1949 Rev § 5.1703).

elected to office.' 1 Comp Laws 1929, § 1908. A majority of six cannot be less than four; and unless, therefore, there is some provision in the statute for effective action by less than such a majority, the resolution was not legally adopted."

The Court in *Croswell* referred to the case of *Bishop* v. *Lambert* (1897), 114 Mich 110, which is helpful because it can be applied to the issue raised in the instant case. There it was determined that the action taken did not provide for the imposing of a tax, but was for the purpose of paying for the salary of firemen from funds already raised. All six aldermen elect were present when the action was taken. Three voted "aye" and three voted "nay" and the mayor voted "aye" and declared the action passed. The Court stated on pp 113, 114 as follows:

"In the case of *Tennant* v. *Crocker,* 85 Mich 337, it was held that a resolution authorizing the purchase of land for streets by a committee was the creation of an obligation which, not having been provided for in the annual appropriation bill, could only be discharged through taxation, and that all contracts incurring liability for the payment of money constitute the basis for which taxes may be levied, and are in effect an appropriation of so much money to be raised by tax for that purpose. It was said, further, that—

" 'It is just as essential that every resolution or ordinance incurring a liability which must be met by taxation should be passed by a two-thirds vote of all the aldermen elect as it is that the appropriation bill should be passed by such vote.' "

The Court was able to approve the vote of three for and three against and an affirmative vote in favor by the mayor because it determined that the action did not provide for the amount to be paid to the firemen to be raised by taxation.

Now it is true that the provisions pertaining to passing of ordinances and resolutions by a fourth class city and by a village are similar. However, in both the *Croswell* and *Bishop* cases, the action taken did not require a two-thirds vote of the aldermen elected to office, but only required a *majority* vote.

In the instant case, the contract in question required the village to impose taxes to pay for the bonds to be issued. The applicable statute is MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268) which provides:

"But no office shall be created or abolished *nor any tax or assessment be imposed;* street, alley or public ground be vacated, real estate or any interest therein purchased, leased, sold, or disposed of, or any public improvement ordered, *unless by a concurring vote of 2/3 of all the trustees elect,* which vote shall be taken by yeas and nays, and entered upon the journal; no money shall be appropriated except by ordinance or resolution of the council, nor shall any such ordinance be passed, nor any resolution appropriating money be adopted, except by a concurring yea and nay vote of 2/3 of all the trustees elect." (Emphasis supplied.)

The village council is permitted to pass ordinances for various purposes by a majority vote of the council, as provided in MCLA § 66.1 (Stat Ann 1961 Rev § 5.1271).[3] In these instances, MCLA § 64.1 (Stat Ann 1961 Rev § 5.1243) which states in part as follows, is applicable:

"The president shall be the chief executive officer of the village. He shall preside at the meetings of

---

[3] "The style of all ordinances shall be: 'The village of * * * ordains.' *All ordinances except as herein otherwise provided shall require, for their passage, the concurrence of a majority of the council.* No ordinance imposing a penalty shall take effect in less than 20 days after its passage." (Emphasis supplied.)

the council. He shall be deemed a member of the council, but he shall have no right to vote upon any question except in case of a tie, in which case he shall give the deciding vote."

Had the ordinance or resolution in question been one to accomplish a purpose requiring only a majority vote as provided in MCLA § 66.1 (Stat Ann 1961 Rev § 5.1271), the president could have legally cast the deciding vote as provided in MCLA § 64.1 (Stat Ann 1961 Rev § 5.1243). However, in the instant case, the action had do to with imposing a tax which is governed by MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268), which requires a two-thirds vote of all the trustees elect in order to be effective. The statute, MCLA § 65.5 (Stat Ann 1961 Rev § 5.1268), requires the subject resolution to be passed by a concurring vote of two-thirds of all the trustees elect which would be *four* of the six trustees. Only *three* of the trustees voted in favor and therefore the requirements of the statute were not met. MCLA § 64.1 (Stat Ann 1961 Rev § 5.1243) does not apply to the facts in this case. Also, see *Tennant* v. *Crocker, supra.*

In ruling on the issue raised in this appeal, we have accepted two general rules of law as follows:

(1) The grant of any power to tax, made by the state to municipal corporations, will be, according to the rule accepted by virtually all the authorities, construed with strictness. 16 McQuillin, Municipal Corporations (3d ed), § 44.13, p 46; *Remus* v. *City of Grand Rapids* (1936), 274 Mich 577; *Wilcox* v. *Board of Commissioners of Sinking Fund of City of Detroit* (1933), 262 Mich 699; *Whitney* v. *The Common Council of the Village of Hudson* (1888), 69 Mich 189.

(2) An ordinance or resolution cannot be amended, repealed, or suspended by another act by a coun-

cil of less dignity than the ordinance or resolution itself.   6 McQuillin, Municipal Corporations, 1969 Rev, § 21.04, p 199; *City of Saginaw v. Consumers' Power Co.* (1921), 213 Mich 460; *Whitney* v. *The Common Council of the Village of Hudson, supra.*

The order of the trial court granting summary judgment in favor of the defendants is set aside and the matter remanded to the trial court for further proceedings not inconsistent with this opinion.

All concurred.